

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 21, 2014

Charles McGinty
Federal Public Defender Office
District of Massachusetts
51 Sleeper Street, 5th Floor
Boston, MA 02210

John R. Salsberg
Law Office of John Salsberg
221 Lewis Wharf
Boston, MA 02110

      Re:    United States v. Bernardino Polanco and Wellington Tejeda,
                 Criminal No. 14-cr-10286-RGS

Dear Counsel:

      Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the United States provides the following automatic discovery in the above-referenced case. Written materials are primarily produced in PDF format on the enclosed discs. Also produced are certain non-drug exhibits, including surveillance photos and videos. Pursuant to Local Rule 116.9, you will also find enclosed a summary index that identifies certain of the materials being produced and the Bates Numbers where those materials are located.

A.     Rule 16 Materials

1.     Statements of Defendant under Rule 16 (a)(1)(A) & (a)(1)(B)

      a.     Written Statements

      The government is producing booking forms from local police departments and the DEA that may contain information based on statements of defendants. These can be found at USAO-000078- USAO-000080 and USAO-000383- USAO-000401.

      b.      <u>Recorded Statements</u>

Consensual audio/video recordings were made of telephone conversations and personal meetings involving defendant Bernardino Polanco. Copies of these recordings are enclosed on the discs containing audio and video exhibits.

      c.      <u>Grand Jury Testimony of the Defendant</u>

No defendant has testified before a grand jury in relation to this case.

      d.      <u>Oral Statements to Then Known Government Agents</u>

Enclosed are arrest reports and interview reports, some of which describe oral post-arrest statements made by certain defendants. These reports are included among the DEA 6 reports enclosed at Bates Nos. USAO-000015 - USAO-000050

2.      <u>Defendant's Prior Record under Rule 16 (a)(1)(D)</u>

A hard copy of each defendant's prior criminal record is being provided to that defendant's counsel. The government reserves its right to supplement this production based on the discovery of additional aliases and other identifying information of the defendants.

3.      <u>Documents and Tangible Objects under Rule 16(a)(1)(E)</u>

All books, papers, documents and tangible items that are within the possession, custody or control of the government, and that are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

Also enclosed is a set of DEA 7A forms, which itemize much of the evidence collected or seized during the investigation (other than controlled substances). <u>See</u> Bates Nos. USAO-000051 - USAO-000066. Certain exhibits referenced in the DEA 7A forms relating to physical surveillance, such as photographs and video recordings, are enclosed on several discs. The files on those disks are labeled by exhibit number.

4.      <u>Reports of Examinations and Tests under Rule 16 (a)(1)(F)</u>

Enclosed are the results of the fingerprint analysis performed on the heroin packages seized by DEA. <u>See</u> USAO-000068 - USAO-000070. Copies of additional lab reports regarding analyses of the seized controlled substances will be provided to you upon receipt by this office. Enclosed is a DEA 7 form itemizing certain controlled substances gathered as evidence during the investigation. <u>See</u> Bates No. USAO-000067.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

A search was conducted of the gray Hyundai Elantra with MA registration 285NE7 on August 26, 2014 by DEA.  Enclosed is a DEA-6 report describing that search.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire and oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief is enclosed.

CW-1 made a series of consensually recorded phone calls to defendant Bernardino Polanco from August 8, 2014 to August 26, 2014.  These recordings are included on the disk marked Audio/Video Recordings.  Preliminary English transcripts of these recordings are being produced at Bates Nos. USAO-000081- USAO-000207.  Please note that these preliminary transcripts are subject to further revision.

CW-1 also audio and video recorded his meetings with defendant Bernardino Polanco on August 21, 2014 and August 26, 2014.  These recordings are included on the disk marked Audio/Video Recordings.

The conversations on these recordings are primarily in Spanish.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

An additional unindicted co-conspirator is named in the enclosed DEA-6 reports, including the reports of arrests made on August 26, 2014.

F.   Identifications under Local Rule 116.1(C)(1)(f)

Defendant Bernardino Polanco was a subject of an investigative identification procedure used with CW-1, a witness the government anticipates calling in its case-in-chief, involving a display of the image of the defendant.  A copy of the image used in the identification procedure was memorialized as Exhibit N-9 and will be produced in discovery.  In attempting to identify Polanco, agents also showed CW-1 several photographs.  These photographs were memorialized as Exhibits N-6, N-7, and N-8.  Because disclosure of these photographs could compromise ongoing DEA investigations, the government declines, pursuant to L.R. 116.6 to produce these photographs at this time and the names of these individuals have been redacted from the report

that discusses this procedure.

I have no information indicating that defendant Wellington Tejeda was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.    Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.    The government is unaware of any information that would tend directly to negate either defendant's guilt concerning any count in the indictment.

2.    The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.    Except as set forth in footnote 1 of the September 24, 2014 Complaint Affidavit (the "September 24, 2014 Affidavit") of DEA Agent Gregg Willoughby, no promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief. Out of concern for the safety of this witness, the government declines to identify the witness at this time.

4.    The government is aware that the individual identified in the September 24, 2014 Affidavit as CW-1 has a prior arrest for a drug-trafficking crime.

5.    The government is unaware that any of its named case-in-chief witnesses have any criminal cases pending.

6.    No named percipient witnesses failed to make a positive identification of a defendant with respect to the crimes at issue.

H.    Other Matters

Although not subject to production at this juncture, the government is producing numerous DEA reports related to this case. Production is not complete; information regarding the identity of CW-1, including photographs, has been redacted out of concern for CW-1's safety. Information regarding the identity of the individual called "SOI-1" in the September 24, 2014 Affidavit, has been redacted out of concern for the safety of SOI-1 and CW-1. Text message communications between SOI-1 and CW-1 have also been withheld from production out of concern for the safety of both individuals.

Agents obtained telephone toll records in this case. These records are among the materials described in paragraph 3 that are available for inspection and copying.

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offense was committed is set forth in the affidavit filed in support of the September 24, 2014 criminal complaint and subsequent indictment in this case, copies of which you previously have received.

Please call the undersigned Assistant U.S. Attorney at 617-748-3200 if you have any questions.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Michelle L. Wasserman
Michelle L. Wasserman
Assistant U.S. Attorney